UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CELINA ALEXANDRA GARCIA,

                          Petitioner,

v.

MICHAEL SEGAL,

                          Respondent.

Civil No. 23-883 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Celina Alexandra Garcia, Reg. No. 26196-081, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, *pro se* Plaintiff.

Anna H. Voss and Lucas B. Draisey, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Petitioner Celina Alexandra Garcia brings this Petition for Writ of Habeas Corpus alleging that the BOP improperly calculated and failed to apply 530 days of earned time credit under the First Step Act of 2018 ("FSA"). Magistrate Judge Leo I. Brisbois reviewed Garcia's Petition and issued a Report and Recommendation ("R&R") recommending the Court deny and dismiss Garcia's Petition. Because Petitioner's claims for relief are premised on an incorrect interpretation of the FSA, the Court will adopt the R&R, and deny her Petition, and dismiss this matter.

## BACKGROUND

Garcia filed her Petition for Writ of Habeas Corpus on April 6, 2023. (Pet. Writ. Habeas Corpus ("Pet."), April 6, 2023, Docket No. 1.) She is currently incarcerated at FCI

Waseca after pleading guilty to one count of conspiracy to distribute methamphetamine. (*Id.* at 1; Addendum at 1, Apr. 6, 2023, Docket No. 1-1.) While incarcerated, Garcia claims she "requested a wide variety of programs and participated in a wide variety of qualifying activities" to reduce her likelihood of recidivism. (Addendum at 1.) However, Garcia claims that the Bureau of Prisons ("BOP") has determined she has a high risk of recidivism, so it refuses to apply her FSA earned time credits. (Pet. at 3.) Garcia claims that this is erroneous because the determination of her recidivism likelihood should not impact her receiving her FSA credits. (*Id.*) She states that she has time credits based on her completion and participation in evidence-based recidivism reducing programs, which she believes correlates to a 530 days reduction of her sentence. (*Id.* at 6; Addendum at 2.)

The Magistrate Judge reviewed Garcia's Petition and issued an R&R recommending the Petition be denied and dismissed. (R. & R., May 12, 2023, Docket No. 5.) The Magistrate Judge concluded that Garcia's interpretation of the FSA was incorrect, as the law establishes earned time credit based on the **number of days** in which a prisoner participates in eligible programs—not the **number of eligible programs** in which they participate. (*Id.* at 1, 4.) According to the Magistrate Judge, the BOP reasonably interpreted the FSA credit-accrual formula. (*Id.* at 4.) Garcia then filed an objection to the R&R, reiterating that the purpose of the FSA is clear in providing earned time credits to reduce sentence length and that the BOP fails to adhere to this intent by not properly calculating and applying the credits. (Obj. R. & R. at 2–3, May 24, 2023, Docket No. 6.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("[E]ven had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise

-3-

record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II. ANALYSIS

Garcia brought her initial Petition based on the theory that the BOP had incorrectly calculated her sentence in accordance with 18 U.S.C § 3632. (Addendum at 1.) Garcia alleges that she is entitled to 530 days of earned time credit under the FSA. (*Id.*) Garcia's calculations, however, are premised on an incorrect interpretation of the FSA. Garcia interprets the Act to mean she is entitled to 10 days of earned time credit for **every program** she participates in for 30 days, even if the programs are served concurrently. Under the FSA, however, "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). The regulation promulgated by the BOP entitles prisoners to 10 days of earned time credit per 30 days that the prisoner successfully participates in programming, regardless of how many programs the prisoner has successfully participated in during that time. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits.").

Contrary to Garcia's contentions, the language of the FSA does not require the BOP to award prisoners time credits for each program or class completed. Instead, the FSA requires the provision of earned time credits for every 30 days of successful participation

in recidivism reduction "programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i).  A prisoner who participates in one program or many programs simultaneously is equally participating in "programming or productive activities." *Id.* As such, the Court finds the language to be unambiguous and support the BOP's calculation of earned time credits.

The Court does not believe the language of the FSA to be ambiguous.  However, even if it were ambiguous, Garcia would not be entitled to habeas relief unless the BOP's interpretation of the statute was unreasonable.  If a statute is ambiguous, the BOP's interpretation of it would still govern unless it was unreasonable.  *See Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) ("The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts.'") (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)).  The BOP's interpretation—entitling prisoners to earned time credits based on the number of days spent in programming—is not an unreasonable interpretation of the FSA.  *See* 28 C.F.R. § 523.42(c)(1).

Additionally, Garcia raises several new arguments in her objection.  Many of these arguments relate to conditions of confinement, which are not cognizable in a Petition for Writ of Habeas Corpus.  *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of [their] conviction or the length of [their] detention, such as loss of good time, then a writ of habeas corpus it not the proper

remedy."). Garcia's other arguments are unclear as to whether she is arguing that the statutory language is clear, or if it is ambiguous and in need of interpretation. As explained above, the result would be the same regardless. In addition, because these arguments were not raised in her Petition and not first presented to the Magistrate Judge, these arguments have been waived and the Court cannot consider them. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider [appellant's] argument . . . because this argument was not presented first to the magistrate judge.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report & Recommendation [Docket No. 6] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 5] is **ADOPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. Petitioner's action is **DISMISSED without prejudice**[1]**.**

---

[1] The Court is dismissing Garcia's action without prejudice, meaning that Garcia's right to sue again is reserved, and she is allowed to re-file charges or alter her claim and bring it again in the future if there is new information relevant to the Court's decision.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 2, 2023
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge